E-FILED
Wednesday, 14 September, 2005  11:09:18 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | No. CR 05-20032 |
| ALBINO TEPEHUA-XIQUE, ) | Title 8, United States Code, |
| ) | Sections 1326(a) & (b)(2) |
| Defendant. ) | |

### SUMMARY FOR OPEN PLEA TO ONE COUNT INDICTMENT

The defendant is charged in a one count Indictment with re-entry after deportation, in violation of 8 U.S.C. § 1326. Today, the defendant, through counsel, has advised that he will plead guilty to the Indictment. This will be an open plea and there are no agreements between the parties. In order to assist this Court in conducting the Rule 11 proceeding, the government submits the following:

### I. INDICTMENT

The defendant is pleading guilty to the one count indictment charging that:

On or about July 28, 2005, in Champaign County, in the Central District of Illinois,

**ALBINO TEPEHUA-XIQUE**,

defendant herein, an alien who previously had been deported from the United States on or about May 12, 2000, at or near Laredo, Texas, subsequent to a conviction for commission of an aggravated felony, to-wit aggravated criminal sexual abuse of a

person under 13 years of age in Case No. 99-CF-1363, in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois, was found in the United States without having obtained the consent of the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to return.

In violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

## II. ELEMENTS OF THE OFFENSE

At trial, the government would have to prove beyond a reasonable doubt each of the following elements:

At the time of the offense, the defendant was:

1. An alien;

2. Who previously had been arrested and the deported from the United States;

3. And then subsequently was found unlawfully in the United States without having obtained the consent of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to return.

In violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

The fact that the indictment charged the defendant with being found in the United States after having been convicted of an aggravated felony is not an element of this offense. Instead, the fact that the defendant's arrest prior to deportation resulted in his conviction of an offense that constitutes an aggravated felony need only be proved at sentencing. See *United States v. Valenzuela-Escalante*, 130 F.3d 944 (10th Cir. 1997).

### III. PENALTIES

The basic offense of illegally being in the United States following deportation after an arrest has a statutory maximum penalty of:

(1) not more than two years of imprisonment which is defined as a Class E felony at 18 U.S.C. § 3559(a)(5);

(2) a fine of not more than $250,000; and

(3) a special assessment of $100.

This basic offense has a Base Offense Level of 8 pursuant to the advisory sentencing guideline provision at 16 U.S.S.G. § 2L1.2(a).

However, the government believes that it will prove at sentencing that the defendant was deported after receiving a prior conviction for an aggravated felony, the following maximum penalties apply:

1. Up to 20 years imprisonment pursuant to 8 U.S.C.A. § 1326(b)(2);

2. Up to 3 years supervised release to follow such imprisonment;

3. A fine of up to $250,000; and

4. A mandatory special assessment of $100.

An "aggravated felony" as defined at 8 U.S.C.A. § 1101(a)(43) includes the offense of "sexual abuse of a minor." See 8 U.S.C.A. § 1101(a)(43)(A).

As charged in the indictment, the defendant was deported from the United States after he was convicted of aggravated criminal sexual abuse of a person under 13 years of age in Case No. 99-CF-1363, in the Circuit Court for the Sixth Judicial Circuit,

3

Champaign County, Illinois. That offense is an "aggravated felony" within the meaning of this statute.

Because the defendant was deported after this aggravated felony conviction, the defendant's advisory guideline sentence is subject to an 8 level enhancement pursuant to 16 U.S.S.G. § 2L1.2(a) and (b)(1)(C). The defendant's advisory guideline sentence before any credit for acceptance of responsibility would be an Offense Level of 16. The government does not know the defendant's Criminal History Category.

**IV. FACTS**

The defendant, a Mexican national, was deported from the United States on or about May 12, 2000, at or near Laredo, Texas, after he was convicted in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois, for commission of the offense of aggravated sexual abuse of a person under 13 years of age in Case No. 99-CF-1363.

The defendant was not subsequently given permission to return to the United States.

On April 12, 2004, the Champaign, Illinois Police Department initially advised federal agents with Immigration and Customs Enforcement that the defendant, a previously deported aggravated felon and unregistered sex offender, was residing in Champaign, Illinois.

On April 8, 2005, federal agents received the defendant's alien registration file which stated that the defendant in fact is a native and citizen of Mexico and containing the warrant of deportation of the defendant on May 12, 2000. The defendant's file has

no record of the defendant applying for readmission to the United States and did state that the defendant had been convicted of the state court offense of aggravated criminal sexual abuse of a person under 13 years of age in Champaign County, Illinois on April 17, 2000.

On July 28, 2005, federal agents located the defendant as he was coming out of the restroom at the LaBamba Restaurant in Champaign, Illinois at 1905 Glenn Park Drive, Champaign, Illinois. The defendant then was taken into federal custody.

This summary for open plea is respectfully submitted this 14th day of September 2005.

                JAN PAUL MILLER
                UNITED STATES ATTORNEY

BY:   s/David H. Hoff
       DAVID H. HOFF, Bar No. IL 1234072
       United States Attorney
       201 S. Vine St., Suite 226
       Urbana, IL 61802
       Phone: 217/373-5875
       Fax: 217/373-5891
       david.hoff@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of September 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Tiffani D. Johnson
>Assistant Federal Defender
>300 W. Main
>Urbana, IL 61801

>s/David H. Hoff
>DAVID H. HOFF, Bar No. IL 1234072
>Attorney for Plaintiff
>United States Attorney
>201 S. Vine Street, Suite 226
>Urbana, Illinois 61802
>Phone:  217/373-5875
>Fax: 217/373-5891
>david.hoff@usdoj.gov